1
2
3                    **UNITED STATES DISTRICT COURT**
4                          **DISTRICT OF NEVADA**
5

6   SHANNON CARTER,                        Case No. 2:18-cv-01593-GMN-NJK
             Plaintiff,
7                                                      **ORDER**
    v.
8                                              [Docket No. 45]
    DR. BRYAN, et al.,
9            Defendants.
10

11        Pending before the Court is Defendants' motion to stay discovery.  Docket No. 45.  The

12   motion is properly resolved without a hearing.  *See* LR 78-1.

13   **I.    BACKGROUND**

14        Plaintiff is an inmate who is proceeding *pro se* in this action and alleges, *inter alia*, that

15   Defendants were deliberately indifferent to his serious medical needs.  *See* Docket Nos. 1-1, 5, 32.

16   On January 28, 2021, the Court issued a scheduling order setting discovery deadlines for this case,

17   including a discovery cutoff date of April 28, 2021.  Docket No. 36.  On April 7, 2021, Defendants

18   filed a motion for enlargement of discovery deadlines and amendment of the scheduling order.

19   Docket No. 43.  On April 8, 2021, the Court denied Defendants' motion without prejudice because

20   the parties had not met and conferred prior to the filing of the motion.  Docket No. 44.  On April

21   14, 2021, Defendants filed the instant motion asking the Court to stay discovery.  Docket No. 45.

22   **II.   LEGAL STANDARD**

23        "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

24   discovery."  *Solera at Anthem Cmty. Ass'n Inc. v. Del Webb Communities, Inc.*, 2013 WL 79815,

25   at * 1 (D. Nev. Jan. 3, 2013) (citing *Skellercup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598,

26   600–01 (C.D. Cal. 1995)).  Nonetheless, the Court has broad discretionary power to control and

27   stay discovery.  *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In deciding

28   whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 to

                                          1

1  ensure a just, speedy, and inexpensive determination of every action.  *Tradebay, LLC v. eBay, Inc.*,

2  278 F.R.D 597, 602–03 (D. Nev. 2011).

3  **III.    ANALYSIS**

4        Defendants submit that a stay of discovery is proper in this case based on ongoing

5  proceedings in *Carter v. Bean, et al.*, 2:17-cv-1628-RFB-EJY.  Docket No. 45 at 3.[1]  Specifically,

6  Defendants submit that the parties have agreed to attempt a global resolution of Plaintiff's claims

7  against Defendants through the Ninth Circuit's Mediation Program in *Carter v. Bean*.  *Id.*

8  Defendants submit that *Carter v. Bean* is an independent proceeding that "will likely bear on the

9  instant case."[2]  *Id.* at 3.  Defendants further submit that Plaintiff does not oppose this request for

10  a stay.  *Id.* at 1, 3.

11        Applying the relevant legal standard to the instant motion, the Court finds that a stay of

12  discovery is appropriate in this case.

13  **IV.    CONCLUSION**

14        Accordingly, Defendants' motion to stay discovery, Docket No. 45, is hereby **GRANTED**.

15  No later than June 14, 2021, the parties must file a joint status report.

16        IT IS SO ORDERED.

17        Dated: April 20, 2021

18        _____

19        Nancy J. Koppe
        United States Magistrate Judge

20

21  [1] Defendants submit that the instant motion "incorporates their previous Motion by reference, as if fully set forth herein below, and supplement as follows."  Docket No. 45 at 2.

22  Parties must file a single motion supported by a memorandum of points and authorities.  *See Ramirez v. Guinn*, 2004 WL 7338806, at *1 n.1 (D. Nev. May 26, 2004) ("Defendants' counsel is

23  admonished that in the future, the practice of attaching an earlier-filed memorandum, without more, will be treated as a failure to file an opposition . . . and will constitute a consent to the

24  granting of the motion"); *see also Friends of Moon Creek v. Diamond Lake Improvement, Ass'n, Inc.*, 2015 WL 2250456, at *1 (E.D. Wash. May 13, 2015) ("A party wishing to present a motion

25  to the court needs to present the argument in a brief, clear, and concise fashion—not direct the court to search through . . . previously filed briefs to find an argument"); *Langella v. Cercone*,

26  2010 WL 2402940, at *6 n.1 (W.D. Pa. June 10, 2010) ("[I]f a party wants to utilize a specific legal argument already advanced to this Court . . . the party shall take the time to fully transcribe

27  said argument into his or her document").

28  [2] In their previously filed motion, Defendants submit that mediation proceedings in *Carter v. Bean* "will hopefully resolve . . . the instant case."  Docket No. 43 at 4.