UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> DR. BRYAN, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:18-cv-01593-GMN-NJK <br><br> **ORDER** |

Pending before the Court are Plaintiff Shannon Carter's ("Plaintiff's") Motion for Temporary Restraining Order ("TRO"), (ECF No. 51), and Motion for Preliminary Injunction, (ECF No. 52). Defendants Gregory Bryan, M.D., (former) Director James Dzurenda, Sergeant Kelly Quinn, and Correctional Officer Jonathan Weber (collectively, "Defendants") filed a Response, (ECF No. 60), and Plaintiff filed a Reply, (ECF No. 62).

On August 23, 2018, Plaintiff filed his Application for Leave to Proceed *in forma pauperis* and his Complaint. (*See* App., ECF No. 1). The Court issued its Screening Order on October 30, 2019, allowing Plaintiff's deliberate indifference claim to proceed against Defendants Bryan, Quinn, and Weber, and his race discrimination claim to proceed against Dzurenda. (*See* Screening Order, ECF No. 5). Plaintiff's Complaint predicated its deliberate indifference claim upon Defendants' failure to timely provide Plaintiff with his high blood pressure medication, which allegedly caused Plaintiff to suffer a stroke. (*Id.* 3:17–5:22). Defendants Bryan, Quinn, and Weber are Nevada Department of Corrections employees who worked at High Desert State Prison during the time that the facts described in the Complaint allegedly occurred, and Dzurenda was the NDOC director at the time. (*Id.* 3:11–16). During the pendency of this case, Plaintiff was transferred to Ely State Prison. (Notice of Change of Address, ECF No. 42); (Defs.' Resp. Mot. TRO 3:20, ECF No. 60).

Although Defendants neither timely responded to Plaintiff's Motion for TRO nor filed an appropriate Motion for Extension of Time, the Court cannot grant Plaintiff's Motion because there are no parties in the action who could provide the relief Plaintiff seeks. Plaintiff's Complaint seeks relief against High Desert State Prison staff and the former NDOC Director. However, Plaintiff is now incarcerated at Ely State Prison and his motion seeks to remedy allegedly deficient medical treatment received at Ely State Prison. Because no Ely State Prison staff, or those responsible for the staff, were named in this action, Plaintiff would need to amend his Complaint to name Ely State Prison staff and properly join and serve those individuals, or initiate a new case against those individuals, in order to attain the relief he requests. *See* Fed. Rs. Civ. P. 4, 8.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order, (ECF No. 51), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction, (ECF No. 52), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Stay Until the Court Addresses the Motions for TRO and Preliminary Injunction, (ECF No. 54), is **DENIED as moot**.

Dated this  20  day of August, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] The Court likewise is not convinced that it has jurisdiction over Plaintiffs' claims even if he were to amend his Complaint because Plaintiff may not have exhausted his administrative remedies with respect to the requested relief. However, Defendants have not provided evidence of the relief Plaintiff has sought through the administrative process, and Defendants bear the burden to prove failure to exhaust. See *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005).